

**JS**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ERIC WALRAVEN, individually, and on behalf of all others similarly situated, | 17    0803 |
| PLAINTIFF, | Civil Action No. |
| v. | CLASS ACTION COMPLAINT |
| VERIZON COMMUNICATIONS, INC., | DEMAND FOR JURY TRIAL |
| DEFENDANT. |  |

Plaintiff Eric Walraven, by and through his attorney, The Kim Law Firm, LLC, and on behalf of himself, and the Putative Classes set forth below, and in the public interest, hereby brings the following class action Complaint against Defendant Verizon Communications, Inc., pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

### PRELIMINARY STATEMENT

1.      This case concerns Defendant Verizon Communications, Inc.'s ("Defendant," "Verizon," or the "Company") willful failure to follow federal laws designed to, among other things, protect consumers from the unlawful accessing of their sensitive personal information.

2.      Verizon FiOS is a bundled internet access, telephone, and television service that operates over a fiber-optic communications network offered by Verizon.

3.      Verizon willfully and knowingly obtains consumer reports despite consumers specifically instructing the company not to engage in any credit inquiry. Verizon obtains credit reports through "hard" credit pulls, which result in significant harm, including, but not limited to:

decreased credit scores for consumers, along with the disclosure of private and sensitive information.

4.    As set forth in further detail below, Verizon has knowingly and willfully violated Plaintiff's rights and the rights of the Putative Class members by obtaining consumer reports despite knowing that consumers do not consent to the action, and knowing that it has no permissible purpose for which to obtain the consumer reports.

5.    Verizon also fails to adhere to the FCRA by taking adverse action against consumers, based in whole or in part, on information contained in a consumer report, and failing to disclose vital and required information after doing so, thereby violating:

a.    § 1681m(2)(A) by not providing the consumer with written or electronic disclosure of a credit score;

b.    § 1681g(f)(1)(B) by not providing the range of possible credit scores under the credit model used by Defendant;

c.    § 1681g(f)(1)(C) by not providing the key factors that adversely affected the credit score of the consumer in the credit model used;

d.    § 1681m(f)(1)(D) by not providing the date on which the credit score was created; and

e.    § 1681m(f)(1)(E) by not providing the name of the person or entity that provided the credit score or credit profile upon which the credit score was created.

6.    Accordingly, Plaintiff, individually, and on behalf of all others similarly situated, seeks to obtain redress for a nationwide class of consumers who have had their consumer reports obtained, without permissible purpose or authorization, resulting in hard credit checks performed, thereby violating the FCRA.

## PARTIES

7.      Individual and representative Plaintiff Eric Walraven ("Mr. Walraven," "Walraven," or "Plaintiff") is a resident of 1732 Green St., Philadelphia, PA 19130. Mr. Walraven is a member of the Putative Classes defined below, and is a consumer as that term is defined by 15 U.S.C. § 1681a(c).

8.      Defendant Verizon is a business entity that regularly conducts business in the Eastern District of Pennsylvania, with numerous places of business within the Eastern District of Pennsylvania, including at 1 Neshaminy Interplex Drive, Feasterville-Trevose, PA 19053. Verizon is a "person" as defined by 15 U.S.C. § 1681a(b).

9.      At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions alleged herein.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

11.     Venue is proper as Defendant engages in substantial business activity in the Eastern District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claim occurred within this District, 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

12.     On or about September 19, 2016, Plaintiff spoke with a Verizon representative over the telephone regarding availability of Verizon FiOS service.

13.     Plaintiff made clear that he was not interested in the Verizon FiOS service if a credit inquiry was required. The Verizon representative assured Mr. Walraven that a credit report would not be obtained.  Despite the representation, Verizon proceeded to obtain a credit report on

Plaintiff, resulting in a "hard" credit pull, a decrease in credit score, which the Company was not authorized to do.

14.     At the time the credit report was obtained, Plaintiff was only inquiring as to the availability of different Verizon FiOS plans.  Plaintiff's inquiry of Verizon services was in contemplation of potential services, and no business transaction had occurred.

15.     Adhering to the agreement not to obtain Plaintiff's credit report was a condition precedent to any general inquiry of Plaintiff regarding quotes for Verizon FiOS service.

16.     Upon information and belief, Verizon withholds the fact that it will be obtaining a credit report from prospective customers so that it does not discourage inquiries about plan availability of Verizon services, especially Verizon FiOS.

17.     After obtaining Plaintiff's credit report, which resulted in a "hard" credit inquiry, the Verizon representative informed Plaintiff that Verizon would provide service if Plaintiff first provided a deposit.

18.     Verizon's request for a deposit was an adverse action based on information contained in Plaintiff's consumer report, for which appropriate notice under the FCRA was not provided.  The request for a deposit was an unfavorable change in the terms of service offered by Verizon, as compared to terms offered to consumers with ideal credit.

19.     After taking adverse action, Verizon did not provide Plaintiff with: (i) a written or electronic disclosure of a credit score; (ii) range of possible credit scores under the credit model used by Verizon; (iii)  key factors that adversely affected the credit score of the consumer in the credit model used; (iv) a disclosure of the date on which the credit score was created; or (v) the name of the person or entity that provided the credit score or credit profile upon which the credit score was created.

4

20.     Verizon has been willfully and knowingly violating the FCRA for years, and failed to take any steps to correct its errors.

21.     Consumers have persistently lodged complaints with Verizon regarding its violations of the law, without any discernable action taken to come into compliance with the FCRA.

22.     Complaints (of which Verizon is specifically aware) are found strewn throughout the public domain, but Defendant has done nothing to remedy the illegal behavior, which persists on a systemic basis.

23.     Verizon has been routinely and systematically obtaining credit reports on prospective customers without their authorization, resulting in "hard" credit inquiries on the credit reports of consumers.

For example:

 brooklynkhan    CONTRIBUTOR
Posts: 1
Registered: 08-01-2016

## Unauthorized credit inquiry [ Edited ]

08-01-2016 11:43 AM - last edited on 08-01-2016 12:19 PM by
🔲 LawrenceC

Message 1 of 2 (575 Views)

There is an unauthorized hard hit credit inquiry on my Equifax credit report.

I have Verizon FiOs services. When exploring services, I had one order number which I did NOT execute (it was just an estimate) with a Verizon Enterprise Agent. I made it explicitly clear to her that I did not authorize that my credit file be pulled, and she said the credit verification department would pull my public records. As mentioned, I did not go through with this order.

I then set up my own order online, refused to do a credit check, provided publicly available info -- and now have services without any problems to my services.

However, lo and behold, there's a hard hit on my file.

After being transferred from customer care to credit verification to credit reporting to Verizon Wireless back to customer care who then transferred me to a disconnected number, I called customer care again who then transferred me back to credit verification. This lady finally was able to do some digging for me based on the order numbers and we realized that the Verizon Enterprise Agent had said I authorized her to pull my credit inquiry when I did NOT. She said she'll submit a request to credit verification to have this inquiry removed, and provided me a reference number.

Given that no one at Verizon seems to know how to solve my problem or has any sense of customer service, I called the credit reporting department to confirm that the information I received from credit verification was indeed correct and test out if my request went through - I provided my SSN, my reference number and of course they weren't able to pull my file.

So how are they not able to pull my file with my SSN, but ran a sneaky hard hit inquiry?

I explained my situation for seemingly the 100th time and credit reporting lady said "my department only looks at delinquent accounts." She then put me on hold for a few minutes, came back and asked me some questions, put me on hold and without saying anything transferred me back to customer care.

First of all, HORRIBLE, HORRIBLE SERVICE. Who repeatedly transfers a customer without telling them what's happening or why?

Second of all, if my issue is not escalated immediately, I will pursue whatever further action I need to.

I called Equifax and they said Verizon has to remove this.

This is a gross violation of my personal information, trust, and time.

**https://forums.verizon.com/t5/My-Verizon-Account/Unauthorized-credit-inquiry/td-p/819588**



brooklynkhan    CONTRIBUTOR
Posts: 1
Registered: 08-01-2016

## Unauthorized credit inquiry [ Edited ]

08-01-2016 11:43 AM - last edited on 08-01-2016 12:19 PM by
**MOD** LawrenceC
Message 1 of 2 (642 Views)

There is an unauthorized hard hit credit inquiry on my Equifax credit report.

I have Verizon FiOs services. When exploring services, I had one order number which I did NOT execute (it was just an estimate) with a Verizon Enterprise Agent. I made it explicitly clear to her that I did not authorize that my credit file be pulled, and she said the credit verification department would pull my public records. As mentioned, I did not go through with this order.

I then set up my own order online, refused to do a credit check, provided publicly available info -- and now have services without any problems to my services.

However, lo and behold, there's a hard hit on my file.

7

After being transferred from customer care to credit verification to credit reporting to Verizon Wireless back to customer care who then transferred me to a disconnected number, I called customer care again who then transferred me back to credit verification. This lady finally was able to do some digging for me based on the order numbers and we realized that the Verizon Enterprise Agent had said I authorized her to pull my credit inquiry when I did NOT. She said she'll submit a request to credit verification to have this inquiry removed, and provided me a reference number.

Given that no one at Verizon seems to know how to solve my problem or has any sense of customer service, I called the credit reporting department to confirm that the information I received from credit verification was indeed correct and test out if my request went through - I provided my SSN, my reference number and of course they weren't able to pull my file.

So how are they not able to pull my file with my SSN, but ran a sneaky hard hit inquiry?

I explained my situation for seemingly the 100th time and credit reporting lady said "my department only looks at delinquent accounts." She then put me on hold for a few minutes, came back and asked me some questions, put me on hold and without saying anything transferred me back to customer care.

https://forums.verizon.com/t5/My-Verizon-Account/TWO-Unauthorized-Credit-Inquiries/td-p/823119

 usaf2ndlto1    CONTRIBUTOR
Posts: 1
Registered: 07-16-2015

⚙

## Verizon Fios Sales Representative Fraudulently Ran A Credit Check Without My Authorization [ Edited ]

07-16-2015 04:16 PM - last edited on 07-16-2015 08:49 PM by

▇▇▇ ElizabethS

Message 1 of 2 (2,484 Views)

Yesterday I called the Verizon Fios sales department to sign up for new service. The sales representative (whose name I did not get) kept pushing me for personal information before he could give me pricing on service options. Once I finally received a quote for a plan I was interested in, I decided to go ahead and sign up. When he asked for my social security number, I told him that I wasn't interested in a "hard pull" of my credit report. A hard pull of a credit report is a formal credit check which stays on your credit report for 2 years and lowers your credit score if you have more than 2 inquiries within 2 years. I told him that I wouldn't mind paying a deposit as long as a credit check wasn't made. He assured me that there will be no "hard pull" on my credit report and that it wouldn't even show up. I still refused to give my social security number and insisted that I would pay the deposit. He finally gave in and informed me that he will not perform a credit check or even ask for my social security number. He said that he still has to verify my identity in order to set up service. He asked for my name and date of birth, and proceeded to ask me a few questions related to previous addresses that I resided at. When he was finished asking me questions he stated that my identity has been verified and he proceeded to complete the order. While he was finishing up the order, I checked my credit report online ( I have credit monitoring subscriptions with Equifax, Transunion and Experian) and found a hard credit inquiry on Equifax from:

9

VERIZON EAST
99 SHAWAN RD
FLOOR 2 RM
COCKEYSVILLE, MD 21030

I immediately informed the sales representative that he had just pulled my credit report and my credit score dropped 3 points. He was flustered at first and tried to assure me that it was just an identity verification. Perhaps he didn't think I would realize my credit was pulled until days later when it wasn't his problem anymore and he already made the sale. I suggested that either he wasn't properly trained on what "identity verification" really was, or he outright committed fraud in order to make a sale. He tried to reason with me that his calls are recorded and that he has a child to take care of, so he wouldn't do such a thing. I was upset but I figured since the damage was done and I have excellent credit anyway, maybe he can make it up to me by waiving my activation fee or something. He said he couldn't do anything on his end but after he was done setting up the service he will transfer me to a manager that can help me. After he was finished he transferred me...to the general Verizon 800 number! I navigated the help menu and was finally connected with another sales representative named Ryan {edited for privacy}I explained to him what had just happened and he tried to pull up my order number to see what he could do for me. He said my order was on a "shadow hold" and wasn't fully completed yet so he couldn't access it or try to help me out. Instead he took down my phone number and promised to call me tonight at 8pm(which never happened). I haven't even started receiving services yet and I am already having issues with Verizon Fios. I have been a CFE for many years and investigated enough fraud cases to know when something doesn't seem right. The sales representative knew I didn't want a credit check performed and did so anyway without consent. This represents either malfeasance or at least misfeasance of 15 U.S.C. § 1681 of the Fair Credit Reporting Act. I discussed

the situation with a colleague of mine at the Federal Trade Commission's Office of Inspector General (FTC OIG) and came up with an investigative methodology to determine if this issue is isolated to a few bad sales reps or a systemic problem across Verizon. Assuming Verizon doesn't answer a subpoena to give up data on credit inquiries done without social security numbers, the FTC can easily go to a neutral third party (i.e. Equifax) for the information. A data analysis can be done singling out credit checks done from Verizon East without the use of social security numbers. Then the FTC can contact a random sample of Verizon applicants to see if they felt they received proper disclosure from the sales rep that they were about to perform a credit check; or were they simply told it was an "identity verification". I would guess that many customers weren't properly warned of the impending credit check and many simply decided not to complain since it wouldn't result in the inquiry being taken off. If the issue is widespread, it could indicate an aggressive sales training program where Verizon teaches salespeople how to word a credit check in a way that seems more agreeable to the customer (e.g. "identity verification").

I was pretty upset when this happened yesterday, but Ryan {edited for privacy} said he would call me tonight to discuss it and make it right. Since it seems that even nice representatives are trained to say anything to get customers off the phone; I feel an obligation to pursue this further. Luckily, as a fraud investigator for a government agency, I have the professional network and resources to

pursue this case with the minimum amount of time and effort. It would be appreciated if someone from Verizon legal contacted me soon.

https://forums.verizon.com/t5/My-Verizon-Account/Verizon-Fios-Sales-Representative-Fraudulently-Ran-A-Credit/td-p/797944

24.    Verizon consistently, without any permissible purpose, despite being expressly directed not to, obtains consumer credit reports that result in "hard" credit inquiries, thereby decreasing credit scores of consumers.

25.     Verizon knowingly and willfully engages in the "hard" credit inquiries even though it knows that potential customers are only inquiring about services. When the "hard" credit inquiry occurs, Verizon does not know if a business transaction will take place.

26.     Verizon also consistently takes adverse action based on information contained in consumer reports, and fails to provide the notices required under § 1681m(a) of the FCRA.

27.     Verizon is an established business with access to legal advice through its own general counsel's office and outside counsel, yet still continuously and extensively violates the law even after having been notified of the wrongdoing.

28.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

29.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff.

30.     As such, Plaintiff and Putative Class members are entitled to damages in the forms set forth below.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff asserts his claim in Count One individually and on behalf of the "Unauthorized Access Class," defined as follows:

> **Unauthorized Access Class:** All persons within the United States that requested Verizon not to obtain a consumer report, but Verizon did so despite the instruction not to. The Unauthorized Access Class consists of all persons defined in the previous sentence, who were the subject of a consumer report that was procured by Verizon from five years preceding the filing of this Complaint, until the date of final judgment in this action.

32.    Plaintiff asserts his claims in Count Three on behalf of the "Adverse Action Class"

defined as follows:

> **Adverse Action Class**: All persons in the United States whom
> Verizon took adverse action against by offering any unfavorable
> change in the terms for services by Verizon, based in whole or in
> part, on information contained in a consumer report. The Adverse
> Action Class consists of all persons, defined in the previous
> sentence, whom Verizon took adverse action against from five
> years preceding the filing of this Complaint, until the date of final
> judgment in this action.

33.    **Numerosity.**  The members of the Putative Classes are so numerous that the

individual joinder of all of its members is impracticable. While the exact number and identities of

the members of the Putative Classes are unknown to Plaintiff at this time, and can only be

ascertained through appropriate discovery, Plaintiff is informed and believes that the Putative

Classes include thousands of members, which can be ascertained by the records maintained by

Defendant.

34.    **Typicality.**  Plaintiff and members of the Putative Classes were harmed by the acts

of Defendant in at least the following ways:  Defendant illegally, and without prior authorization,

performed a "hard" inquiry on Plaintiff and the members of the Putative Classes' credit that

resulted in a decrease in Plaintiff and the members of the Putative Classes' creditworthiness, and

their access to credit.  Verizon also takes adverse action based in whole or in part of a consumer's

credit report, but then fails to provide necessary and vital disclosures to Plaintiff and the members

of the Putative Class.  The FCRA violations suffered by Plaintiff are typical of those suffered by

other members of the Putative Classes, and Verizon treated Plaintiff consistent with other members

of the Putative Classes.

35.    **Adequacy.** Plaintiff is an adequate representative of the Putative Classes. As a person that had a hard inquiry performed by Defendant on his credit without authorization, and then not being provided with vital information following Defendant's adverse decision, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Classes. Plaintiff has retained counsel competent and experienced in complex class action litigation.

36.    **Commonality.** Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

a.   Whether Defendant obtains credit reports through "hard" credit inquiries of consumers despite being instructed not to;

b.   Whether Defendant's actions violated the FCRA by failing to obtain authorization to make "hard" credit inquiries;

c.   Whether Defendant's offering of any unfavorable changes in the terms of the Verizon services, based in whole or in part on a consumer report, is an adverse action;

d.   Whether Defendant's actions violated the FCRA by failing to provide notices required after taking adverse action;

e.   The proper measure of statutory and punitive damages; and

f.   The proper form of injunctive and declaratory relief.

37.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for

14

Defendant.  Further, adjudication of each individual member of the Putative Classes' claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

38.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Putative Classes as a whole.

39.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar pending claims brought against Defendant by any members of the Putative Classes on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgment concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all members of the Putative Classes' claims in a single forum.

40.     Plaintiff intends to provide notice to all members of the Putative Classes to the extent required by Rule 23. The name and addresses of the members of the Putative Classes are available from Defendant's records.

41.     Plaintiff represents, and is a member of the Unauthorized Access Class, consisting of all persons in the United States that expressly requested Verizon not obtain a consumer report, while Verizon represented that it would not, with Verizon still obtaining the consumer report.

42.     Plaintiff represents, and is a member of the Adverse Action Class, consisting of all persons in the United States that had adverse action taken by Verizon, with the Company offering unfavorable changes in its terms of service, based in whole or in part, on a consumer report.

43.     Defendant, its employees and agents, are excluded from the Unauthorized Access Class and the Adverse Action Class. Plaintiff does not know the precise number of members in the Putative Classes, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

## CAUSES OF ACTION

### COUNT ONE

**(Asserted on behalf of Plaintiff and the Unauthorized Access Class)**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681 *et seq.***

44.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

45.     Plaintiff is a "consumer" as defined by the FCRA.

46.     Verizon is a "person" as defined by the FCRA.

47.     Defendant's conduct violates 15 U.S.C. § 1681b(f) by obtaining consumer reports without authorization by the consumer and with no permissible purpose authorized under 15 U.S.C. § 1681b.

48.     The foregoing violation was willful. Verizon knew that it was not authorized to obtain Plaintiff's credit report, had no permissible purpose to do so, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Putative Class members under 15 U.S.C. § 1681b.

49.     Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 168ln(a)(l)(A).

50.     Plaintiff and the Putative Class are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

51.     Plaintiff and the Putative Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT TWO

### (Asserted on behalf of Plaintiff and the Adverse Action Class)

### Violation of the Fair Credit Reporting Act

### 15 U.S.C. § 1681 *et seq.*

52.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

53.     Plaintiff is a "consumer" as defined by the FCRA.

54.     Verizon is a "person" as defined by the FCRA.

55.     Verizon takes "adverse action" as defined by the FCRA when it offers Plaintiff and other members of the Putative Classes unfavorable changes in its terms of service, based in whole or in part, on a consumer report.

56.     Defendant's conduct violates § 15 U.S.C. § 1681m(a)(2)(A) by taking adverse action against Plaintiff and other members of the Putative Class, then failing to provide written or electronic disclosure of a credit score.

57.     Defendant's conduct violates § 15 U.S.C. § 1681g(f)(1)(B) by taking adverse action against Plaintiff and other members of the Putative Class, then failing to provide a range of possible credit scores under the credit model used by Defendant.

58.     Defendant's conduct violates § 15 U.S.C. § 1681g(f)(1)(C) by taking adverse action against Plaintiff and other members of the Putative Class, then failing to provide the key factors that adversely affected the credit score of Plaintiff in the credit model used.

59.     Defendant's conduct violates § 15 U.S.C. § 1681g(f)(1)(D) by taking adverse action against Plaintiff and other members of the Putative Class, then failing to provide the date on which the credit score was created.

60.     Defendant's conduct violates § 15 U.S.C. § 1681g(f)(1)(E) by taking adverse action against Plaintiff and other members of the Putative Class, then failing to provide the name of the person or entity that provided the credit score or credit profile upon which the credit score was created.

61.     The foregoing violations were willful.  Verizon knew after taking adverse action, based in whole or in part, on a consumer report, it was required to disclose: a credit score;  possible credit scores under the credit model used by Verizon; provide key factors that adversely affected the credit score of the consumer in the credit model, the date on which the credit score was created,

18

and the person of entity that provided the credit score or credit profile upon which the credit score was created. Verizon acted in deliberate or reckless disregard of its obligations and the right of Plaintiff and other members of the Putative Class, violating the FCRA as set forth above.

62. Plaintiff and members of the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 168ln(a)(l)(A).

63. Plaintiff and members of the Putative Class are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

64. Plaintiff and members of the Putative Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

65. WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

a. Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

c. Issuing proper notice to the Putative Class at Defendant's expense;

d. Declaring that Verizon committed multiple, separate violations of the FCRA;

e. Declaring that Verizon acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f.   Awarding appropriate equitable relief, including, but not limited to, an injunction forbidding Verizon from engaging in further unlawful conduct in violation of the FCRA;

g.   Awarding statutory damages and punitive damages as provided by the FCRA;

h.   Awarding reasonable attorneys' fees and costs;

i.   Awarding Plaintiff and the class treble damages where appropriate; and

j.   Granting such other and further relief, in law or equity, as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

BY:    */s/ Richard H. Kim (RHK 8964)*
Richard Kim, Esquire
Kevin Kotch, Esquire
Drucilla Tigner, Esquire
Attorney I.D. Nos.:
202618/70116/321490
1500 Market St.
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com
kkotch@thekimlawfirmllc.com
dtigner@thekimlawfirmllc.com

*Attorneys for Plaintiff Eric Walraven*

Dated:  February 21, 2017